# EXHIBIT A

# CIVIL COVER SHEET
### Clark County, Nevada

A-11-643529-C
X

Case No._____
*(Assigned by Clerk's Office)*

## I. Party Information

**Plaintiff(s)** (name/address/phone): Clark County, Nevada

Attorney (name/address/phone): Alan J. Lefebvre, Esq.
Kolesar & Leatham
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
(702) 362-7800

**Defendant(s)** (name/address/phone):

The City of North Las Vegas

(name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts | |
|---|---|---|
| | Negligence | |
| ☐ **Landlord/Tenant** | ☐ **Negligence – Auto** | ☐ **Product Liability** |
| ☐ Unlawful Detainer | ☐ **Negligence – Medical/Dental** | ☐ Product Liability |
| ☐ **Title to Property** | ☐ **Negligence – Premises Liability** (Slip/Fall) | ☐ Other Torts/Product Liability |
| ☐ Foreclosure | ☐ **Negligence – Other** | ☐ **Intentional Misconduct** |
| ☐ Liens | | ☐ Torts/Defamation (Libel/Slander) |
| ☐ Quiet Title | | ☐ Interfere with Contract Rights |
| ☐ Specific Performance | | ☐ **Employment Torts** (Wrongful termination) |
| ☐ **Condemnation/Eminent Domain** | | ☐ **Other Torts** |
| ☐ **Other Real Property** | | ☐ Anti-trust |
| ☐ Partition | | ☐ Fraud/Misrepresentation |
| ☐ Planning/Zoning | | ☐ Insurance |
| | | ☐ Legal Tort |
| | | ☐ Unfair Competition |

| Probate | Other Civil Filing Types | |
|---|---|---|
| ☐ **Summary Administration** | ☐ **Construction Defect** | ☐ **Appeal from Lower Court** *(also check applicable civil case box)* |
| ☐ **General Administration** | ☐ **Breach of Contract** | ☐ Transfer from Justice Court |
| ☐ **Special Administration** | ☐ Building & Construction | ☐ Justice Court Civil Appeal |
| ☐ **Summary Administration** | ☐ Insurance Carrier | ☐ **Civil Writ** |
| ☐ **Set Aside Estates** | ☐ Commercial Instrument | ☐ Other Special Proceeding |
| ☐ **Probate Trust/Conservatorships** | ☐ Other Contracts/Acct/Judgment | ☒ **Other Civil Filing** |
| ☐ **Other Probate** | ☐ Collection of Actions | ☐ Compromise of Minor's Claim |
| | ☐ Employment Contract | ☐ Conversion of Property |
| | ☐ Guarantee | ☐ Damage to Property |
| | ☐ Sale Contract | ☐ Employment Security |
| | ☐ Uniform Commercial Code | ☐ Enforcement of Judgment |
| | ☐ **Civil Petition for Judicial Review** | ☐ Foreign Judgment – Civil |
| | ☐ Other Administrative Law | ☐ Other Personal Property |
| | ☐ Department of Motor Vehicles | ☐ Recovery of Property |
| | ☐ Employer's Insurance of Nevada | ☐ Stockholder Suit |
| | | ☒ Other Civil Matters |

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

| | | |
|---|---|---|
| ☐ NRS Chapter 78-88 | ☐ Investments (NRS 104B) | ☐ Enhanced Case Mgmt/Business |
| ☐ Commodities (NRS 90) | ☐ Deceptive Trade Practices (NRS 598) | ☒ Other Business Court Matters |
| ☐ Securities (NRS 90) | ☐ Trademarks (NRS 600A) | |

June 19, 2011
_____
Date

_[signature]_ 848
Signature of initiating party or representative

**COMP**
ALAN J. LEFEBVRE (SBN 000848)
MATTHEW J. CHRISTIAN (SBN 008024)
**KOLESAR & LEATHAM**
400 South Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
E-mail: alefebvre@klnevada.com
mchristian@klnevada.com

DAVID J. ROGER
**CLARK COUNTY DISTRICT ATTORNEY**
CHRISTOPHER D. FIGGINS (SBN 002705)
LAURA C. REHFELDT (SBN 005101)
Chief Deputy District Attorneys-Civil
500 S. Grand Central Parkway
Las Vegas, NV 89106
Telephone: (702) 455-4851

*Attorneys for Clark County*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CLARK COUNTY, NEVADA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NORTH LAS VEGAS,<br><br>Defendants. | Case No.: A-11-643529-C<br><br>Dept No.: X<br><br>**COMPLAINT**<br><br>**[Exempt From Filing Fee]** |

The COUNTY OF CLARK (the "County"), through counsel, complains of the CITY OF NORTH LAS VEGAS ("CNLV" or the "City") and alleges as follows:

1. Since 1909, the County has been a political subdivision of the State of Nevada, created by an act of the State Legislature. The County was the first vestige of state sovereignty in the Las Vegas Valley and exercises authority granted to it by the State Legislature under NRS Chapters 243 – 260, inclusive. Most pertinent hereto, the Legislature enacted the County Sewage and Wastewater Law, codified in NRS 244A.455 – NRS 244A.573.

2. NRS 244A.567 – NRS 244A.573 represents an attornment to the United States of America and its Environmental Protection Agency ("EPA"). The requirements of 33 U.S.C. Sec. 1251, *et seq.*, represent the prerogative of the U.S.A., permitting the enforcement of environmental policy and the power to act in the stead of the U.S.A. implementing the Clean Water Act of 1972 ("CWA"). Thus vested with this federal mandate, the County is charged, pursuant to state law, to oversee implementation of the CWA within its boundaries, over entities like the City.

3. The City was created by a Charter on April 26, 1971 (Chapter 573, Statutes of Nevada, 1971) and exercises governmental authority within boundaries established by Section 1.045 of the enabling legislation, as enlarged by lawful annexation. The CWA subjects the City to the assertion of certain prerogatives of the EPA, consigned to Clark County to enforce.

4. The Duck Creek water shed, the Flamingo Wash and the Sloan Channel are drainage ways within the boundaries of Clark County, which collect storm water and runoff and deposit them into the Las Vegas Wash, which meets the waters of Lake Mead.

5. Lake Mead is a reservoir of water on the Colorado River, created by the construction of Hoover Dam in 1934.

6. The Colorado River is a navigable waterway of the U.SA. and subject to its jurisdiction, pursuant to the CWA and its reiterations contained within 33 U.S.C. § 1251, *et seq.*, as amended.

7. The CWA establishes the basic regulatory structure for regulating discharges of pollutants into waters of the United States and regulates quality standards for surface water flows into regulated bodies of water.

8. The CWA made it unlawful to discharge any pollutant from a point source into navigable waters, unless a permit has first been obtained pursuant to the EPA's National Pollution Discharge Elimination System ("NPDES") Program to control such discharges.

9. For purposes of the CWA, point sources are discrete conveyances such as pipes or man-made ditches. Drainage from the Las Vegas Valley Water Shed, which is deposited into the

1  Las Vegas Wash by features such as the Range Wash and Sloan Channel at issue here, require
2  the possession of a permit.

3      10.    To administer some portions of the CWA in Nevada, the EPA acts through state
4  agencies such as the Nevada Department of Natural Resources and its Division of Environmental
5  Protection ("NDEP").

6      11.    The County has been issued a permit to collect storm water via a storm water
7  system ("ms4"), of which includes the Range Wash and Sloan Channel are included.

8      12.    Sloan Channel is a concrete-lined channel extending from a point roughly at the
9  intersection of East Flamingo Road and the Boulder Highway, north, along the range created by
10 Sunrise Mountain, (on its east). The ten-mile channel is a drainage feature and part of a 130 mile
11 system collecting other waters through the Flamingo Wash and the Duck Creek Wash, each
12 having their terminus in the Las Vegas Wash. The County owns and maintains the Sloan
13 Channel as evidenced by deed or easement.

14     13.    The City claims it began planning for the creation of a sewage treatment plant in
15 2004. Upon information and belief, the plant was completed in May or early June of 2011 and
16 the City contends it is ready to operate and produce byproducts of sewage treatment, pertinent
17 here, a liquid known as "effluent," commonly known as "sewer water."

18     14.    The City claims a right to discharge the sewer water into the County-owned ms4
19 facility, the Range Wash and Sloan Channel.

20     15.    The Clark County Code governs the construction of the purposed facility, which
21 required the City to apply for a permit to construct off-site improvements and supply the County
22 with a study or studies. The City initiated that process and then abandoned it.

23     16.    The Clark County Code requires the City to make application for a zoning and a
24 use permit, which the City failed to undertake.

25     17.    The law of property required the City to obtain the County's written permission to
26 use the County-owned Range Wash and Sloan Channel for drainage of sewer water.

27     18.    The City selected a site for the plant on Nellis Air Force Base (leased land) from
28 among many possible locations and from 2004 forward considered alternate plans to discharge

1  the by-product of sewage treatment, including soil injection, or so the County was told. The City

2  failed to make application for permits and thus did not reveal its definitive plan to convey the

3  effluent from the plant until March of 2011.

4  19.   The City contends that it took all actions necessary in its planning and

5  construction of the plant to acquire a legal right to discharge effluent into the County's storm

6  water drainage system, including the Range Wash and Sloan Channel. The County disagrees and

7  objects to the invasion of its property rights and prerogatives.

## FIRST CAUSE OF ACTION

### (Trespass)

10  20.   The County incorporates herein each of the preceding paragraphs.

11  21.   The City contends that by inference, the County was charged with the knowledge

12  that if the Nellis Air Force Base property was chosen for the construction of its sewage treatment

13  plan, that the discharge point source was intended to be Range Wash and Sloan Channel, and that

14  the County (again by inference) had impliedly given its consent to a discharge of wastewater into

15  those storm water features, abutted on both sides by residents of Clark County.

16  22.   The City has argued that the County had an obligation to affirmatively dispel

17  inferences made by the City and disabuse it of wrongful assumptions.

18  23.   To discharge water into a storm water conveyance owned by the County, the City

19  must possess permission to use the channel. The City possesses no such legal right.

20  24.   In Nevada, the pertinent statute of frauds requires an affirmative writing, not

21  merely an inference to overcome the requirement of a writing. Estoppel by inference or

22  implication is not sufficient to overcome the statute:

> NRS 111.210 Contracts for sale or lease of land for periods in excess of 1 year void unless in writing.
>
> 1.   Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the

      consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made.

      2.     Every instrument required to be subscribed by any person under subsection 1 may be subscribed by the agent of the party lawfully authorized.

25.     The City sewer plant is on the cusp of start-up, and after receipt of bilge water, to begin production of sewer water at the rate of twenty-five million gallons per day (25 MGD) down Range Wash and into Sloan Channel.

26.     By letter of June 8, 2011, from the law firm of Snell & Wilmer, the County was advised of the City's intention to utilize self-help and discharge sewer water into the Range Wash and Sloan Channel beginning on June 9, 2011, and it has discharged material having unknown properties.

27.     As such, this action constitutes the civil offense of trespass upon property to which the City has no legal right. The City is acting unlawfully in so discharging sewer water into Range Wash, then flowing into Sloan Channel.

28.     The City's continuing trespass subjects the County to substantial continuing and irreparable harm for which there is no adequate remedy-at-law.

29.     By reason of the City's trespass, the County has been required to retain counsel to prosecute this claim and pursuant to Nevada law, the County is entitled to recover its incurred attorney's fees, costs and expenses.

## SECOND CAUSE OF ACTION

### (Public Nuisance)

30.     The County incorporates herein each of the preceding paragraphs.

31.     The nuisance caused by the release of *sewer water* into Range Wash and Sloan Channel, waterways intended to transport *storm water*, has caused substantial and irreparable harm to the County and its residents for which no adequate remedy exists at law. The transport interferes with the County's right to ensure the health and safety of the community and unreasonably interferes with the County's right to control its property.

32. The County has been required to retain attorneys to prosecute this claim and pursuant to Nevada law, it is entitled to recover its incurred attorney fees and costs.

### THIRD CAUSE OF ACTION

**(Declaratory Relief)**

33. The County incorporates herein each of the preceding paragraphs.

34. Without right or privilege, the City has violated property rights inuring to the County, such actions undertaken unilaterally and without authorization.

35. The County is entitled to declaratory relief concerning its rights to control property to which it holds title, to wit: the Sloan Channel and Range Wash and a declaration by the Court that no other right interferes with the County's rights in property.

36. By virtue of the legal communication by the City's legal counsel on June 8, 2011, this controversy is justicable, as the City has initiated a program to discharge on a continuing 24-hour, 365 day-a-year basis into a channel designed to convey occasional storm water.

37. The issues are ripe for judicial determination because they present an existing controversy and harm has occurred, and is likely to occur in the future, without adjudication of the parties' rights.

38. The County is entitled to recover its attorney's fees incurred and its fees and costs expended.

### FOURTH CAUSE OF ACTION

**(PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)**

39. The County incorporates herein each of the preceding paragraphs.

40. Upon the foregoing allegations, the County is entitled to a hearing on a preliminary injunction and a trial for the issuance of a permanent injunction, prohibiting the City's use of Range Wash and Sloan Channel to discharge effluent.

WHEREFORE, the County prays for relief as follows:

1. For preliminary and permanent injunctive relief as set forth above, following the issuance of a temporary restraining order;

2. For declaratory relief as herein prayed;

964563.doc (7124-6)  Page 6 of 7

3. For damages caused by unlawful trespass and nuisance in an amount in excess of $10,000;

4. For attorneys' fees incurred and court costs suffered; and

5. For such other and further relief as the Court deems warranted under the facts shown and circumstances which have occurred.

DATED this 19th day of June, 2011.

KOLESAR & LEATHAM

By _____
ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
MATTHEW J. CHRISTIAN, ESQ.
Nevada Bar No. 008024
400 South Rampart Blvd., Suite 400
Las Vegas, Nevada 89145

*Attorneys for Clark County*