UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARK COUNTY, NEVADA,       )<br>                               )<br>          Plaintiff,          )<br>                               )<br>v.                             )<br>                               )<br>CITY OF NORTH LAS VEGAS,       )<br>                               )<br>          Defendant.           )<br>_____) | 2:11-CV-01012-PMP-GWF<br><br>ORDER |

Presently before the Court is Plaintiff Clark County, Nevada's Emergency Motion to Remand to State Court, With Fees and Costs (Doc. #5), filed on June 22, 2011. Defendant City of North Las Vegas filed an Opposition (Doc. #9) on July 11, 2011. Plaintiff Clark County, Nevada filed a Reply (Doc. #10) on July 21, 2011.

**I. BACKGROUND**

This suit arises from a dispute between Plaintiff Clark County, Nevada ("County"), a political subdivision of the State of Nevada, and Defendant City of North Las Vegas ("City"), a municipal corporation in Nevada, over City's Water Reclamation Facility ("WRF"), which City recently constructed on property owned by the United States of America. The City and the County dispute whether the City must obtain any further approval from the County to discharge treated wastewater ("effluent") from the WRF into the Range Wash, which ultimately flows into the Sloan Channel. The Range Wash is located on federal property at Nellis Air Force Base. (Mem. of P.O.A. in Support of Subject Matter Jurisdiction (Doc. #30 in 2:11-CV-00944-PMP-PAL) ["Mem. re: Jurisdiction"], Ex. F at 2; United States' Resp. to the City of N. Las Vegas' Request for

1  Jurisdictional Disc. & Evid. Hrg. (Doc. #57 in 2:11-CV-00944-PMP-PAL), Ex. 1.)  Water
2  in the Range Wash flows into the Sloan Channel, which in turn flows into the Las Vegas
3  Wash.  (Mem. re: Jurisdiction, Ex. F at 2.)  County owns, by fee or easement, Sloan
4  Channel and the improvements thereon.  (Mot. TRO (Doc. #8 in 2:11-CV-00944-PMP-
5  PAL), Ex. A at 1.)
6          In 1984, the United States of America, through the Secretary of the Air Force,
7  granted to County "an easement for a right-of-way for the construction, operation and
8  maintenance of a flood control channel, known as the Sloan Channel and related facilities
9  thereto, . . . over, across, in and upon land of the United States," at Nellis Air Force Base.
10 (Notice of Removal (Doc. #1), Ex. B at 1.)  The easement is subject to various conditions,
11 including that the installation, operation, and maintenance of the channel is "under the
12 general supervision and subject to the approval of" a designated Air Force official, and is
13 "subject to such rules and regulations as the said officer may from time to time prescribe."
14 (Id. at 2.)  The United States also "reserve[d] to itself the right to construct, use and
15 maintain across, over, and/or under the right of way hereby granted, electric transmission,
16 telephone, telegraph, water, gas, gasoline, oil, and sewer lines, and other facilities, in such
17 manner as not to create any unreasonable interference with the use of the right of way
18 herein granted."  (Id.)  The United States also reserved the right to require County to
19 remove or relocate the channel should the United States determine it needed the land or
20 determine that the existence of the channel was detrimental to governmental activities.  (Id.)
21         In October 2008, City entered into an Enhanced Use Leasing Lease Agreement
22 ("EUL") with the United States Department of the Air Force.  (Notice of Removal, Ex. C.)
23 Pursuant to the EUL, the United States leased to City for a term of fifty years a section of
24 property located on Nellis Air Force Base.  (Id. at 5.)  The purpose of the lease is "for
25 construction and operation of a wastewater treatment facility and for all other related lawful
26 municipal purposes."  (Id. at 10.)  The EUL leases property identified by Exhibit A to the

1  EUL, "TOGETHER WITH the right to access to an area outside of the Project for
2  [purposes] of constructing and maintaining a discharge line from the Facility to the
3  discharge channel pursuant to the terms of the discharge easement as more specifically
4  described in Exhibit A-1 (the 'Discharge Easement')." (Id. at 5.)
5       Exhibit A-1 states that it is a "land description" which "describes a portion of
6  assessor's parcel number 140-16-801-001 designated as a 'public drainage and utility
7  easement,' generally located within Nellis Air Force Base, north of Carey Avenue and East
8  of a projection of Christy Lane, Clark County, Nevada." (Notice of Removal, Ex. D.)
9  Exhibit A-1 then contains a land description and is followed by several schematics showing
10 the subject area with a proposed 48" storm drain and proposed twin 48" effluent lines. (Id.)
11 Each page of schematics is labeled "Water Reclamation Facility Public Drainage and Utility
12 Easement." (Id.) The final page of Exhibit A-1 depicts the "public drainage and utility
13 easement" as extending into the middle of the Range Wash. (Id.)
14      City broke ground on the WRF in November 2008. (Mem. re: Jurisdiction, Ex. F
15 at 1.) In late 2010, staff of City and County prepared a proposed maintenance agreement
16 for the Range Wash and Sloan Channel in relation to City's soon-to-be operational WRF.
17 (Id., Ex. F at 4, Exs. G, I.) County's Board of Commissioners held several meetings on the
18 issue but did not adopt the proposed inter-local maintenance agreement and did not approve
19 an encroachment permit which County contends City must obtain to discharge effluent into
20 the County's improvements on the Range Wash and in Sloan Channel. (Id., Ex. F at 4-7,
21 Exs. G, I.)
22      Efforts at resolving the issue politically so far have been unsuccessful. (Mot.
23 TRO, Exs. J, K; Mem. re: Jurisdiction, Exs. F, G, I.) On June 8, 2011, City sent County a
24 letter putting County "on notice of [City's] intent to immediately begin discharging effluent
25 from its WRF into the Sloan Channel . . . ." (Mot. TRO, Ex. K at 3.)
26 ///

The very next day, the City began discharging effluent into the Range Wash. (Mem. re: Jurisdiction, Ex. F at 7.) That same day, City filed an action in this Court for declaratory relief. (Compl. (Doc. #1 in 2:11-CV-00944-PMP-PAL).) County thereafter counterclaimed, asserting state law claims for trespass, nuisance, and declaratory relief. (Ans. & Countercl. (Doc. #7 in 2:11-CV-00944-PMP-PAL).) County also moved for a temporary restraining order to enjoin City from further discharging effluent into the Range Wash and Sloan Channel. (Mot. TRO.) The Court set the matter for hearing, but prior to the hearing, County filed a Suggestion That Subject Matter Jurisdiction is Wanting (Doc. #13 in 2:11-CV-00944-PMP-PAL), in which County suggested that this Court lacked subject matter jurisdiction under the Quiet Title Act because no dispute over title exists as between City and the United States.

Prior to this Court's hearing on the motion for temporary restraining order in the federally-filed action, County filed its own lawsuit against City in Nevada state court. (Notice of Removal, Ex. A.) County alleges City was required to apply for a permit to construct off-site improvements, apply for and obtain zoning and use permits, and obtain County's written permission to use the County-owned Range Wash and Sloan Channel to drain water, but failed to obtain any of these approvals. (Id.) County asserts claims against City for trespass and public nuisance, and seeks declaratory and injunctive relief. (Id.)

The day after County filed suit in state court, this Court held a hearing on County's motion for a temporary restraining order in the federally-filed action. (Mins. of Proceedings (Doc. #18 in 2:11-CV-00944-PMP-PAL).) At the time of the hearing, the United States had not been served, and it did not appear at the hearing. (Tr. (Doc. #29 in 2:11-CV-00944-PMP-PAL) at 5, 8, 14.) At the hearing, the Court expressed its doubt that subject matter jurisdiction existed under the Quiet Title Act. (Id. at 5, 8, 26.) The Court permitted County to withdraw its motion for temporary restraining order, and the Court ordered the parties to brief the jurisdictional question. (Id. at 29-32.) In the meantime,

4

1  Defendant City removed the state court action to this Court.  (Notice of Removal.)

2  Plaintiff County now moves to remand, arguing no federal question exists to support subject matter jurisdiction in this action.  County argues it pled only state law claims and its Complaint raises no federal questions.  County therefore requests the Court remand the action to state court, and to award it fees for the cost of removal.

City opposes remand, arguing County artfully has pled its Complaint, failing to mention substantial questions of federal law, including the Quiet Title Act, the Clean Water Act, and the Property Clause of the United States Constitution.  Specifically, City argues that because County claims ownership of the Range Wash, when in fact it holds only an easement from the United States, County's request for a declaration that no other right interferes with the County's property rights necessarily invokes the Quiet Title Act.  City argues the Complaint seeks to quiet title to the Range Wash in the County, a form of relief that requires exclusive original jurisdiction in this Court because the United States claims an interest in the Range Wash.

City also argues that County's Complaint is artfully pled to avoid stating a claim for a citizen suit under the Clean Water Act, as demonstrated by County's extensive reference to the Clean Water Act in its Complaint.  City further contends that County's Complaint raises substantial questions of federal law under the Clean Water Act, because City contends that once County approved the areawide waste management plan, which contemplated WRF discharging effluent into the Range Wash and Sloan Channel, that plan had the force of law.  Finally, City argues the Complaint raises substantial questions under the Property Clause of the United States Constitution because County claims that it can require City to obtain permits or approvals for City's activities on federal land.  City contends it has the United States' approval to conduct those activities on federal property, and this raises a substantial question of federal law.

///

5

## II. DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal courts "strictly construe the removal statute against removal jurisdiction," and resolve all doubts regarding jurisdiction in favor of remand. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The removing defendant bears the burden of establishing that removal is appropriate. Provincial Gov't of Marinduque, 582 F.3d at 1087.

United States district courts are courts of limited jurisdiction. Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007). Where diversity of citizenship between the parties does not exist, as in this case, a federal question must be present; that is, the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the plaintiff's complaint establishes "either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 949 (9th Cir. 2004).

The presence or absence of a federal question is determined by the well-pleaded complaint rule. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the plaintiff is the master of his or her complaint; "he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. A plaintiff is not required to assert federal claims, even if they exist. Id. Rather, a plaintiff who has both federal and state causes of action may choose to forego the federal claims and pursue only the state claims in state court. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371-72 (9th Cir. 1987). Further, the "'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Lippitt v. Raymond James

Fin. Servs., Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting, Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)).

This does not mean, however, that a plaintiff may defeat removal by "omitting to plead necessary federal questions in a complaint." ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (quotation omitted). Where state law creates the cause of action pled, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). A state-created cause of action thus arises under federal law: "(1) where federal law completely preempts state law . . . ; (2) where a claim is necessarily federal in character . . .; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation, 213 F.3d at 1114.

Only cases in which a federal question appears on the face of the well-pleaded complaint are removable. Caterpillar, 482 U.S. at 392. Therefore, a federal defense is not a sufficient basis to establish removal jurisdiction, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 10, 13-14.

**A. Quiet Title Act**

Pursuant to the Quiet Title Act, the "United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). "[T]wo conditions must exist before a district court can exercise jurisdiction over an action under the Quiet Title Act: (1) the United States must claim an interest in the property at issue, and (2) there must be a disputed title to real property." Leisnoi, Inc. v. United States, 170 F.3d 1188, 1191 (9th Cir. 1999). "If either condition is absent, the Act in terms does not apply and the

district court lacks jurisdiction to entertain the action." Id.

Under the first condition, the Government's claimed interest need not be adverse to any party in the action, so long as the Government claims some property interest. Id. at 1192. As to the second condition, "there must be a conflict in title between the United States and the plaintiff." Id. This requirement may be satisfied if a third party asserts the interest on the United States' behalf so long as that third party's assertion of the United States' interest clouds the plaintiff's title. Id. at 1192. However, a dispute between the plaintiff and "some third party claiming an interest for itself will not satisfy the requirement." Id.; see also Leisnoi, Inc. v. United States, 267 F.3d 1019, 1023 (9th Cir. 2001).

A dispute over the existence or scope of an easement will satisfy the requirement that there be a dispute over title to real property. Robinson, 586 F.3d at 686 ("This court has repeatedly held that both disputes over the right to an easement and suits seeking a declaration as to the scope of an easement fall within the purview of the QTA."); Leisnoi, 170 F.3d at 1191 ("It is well settled that an easement is an interest in real property."). Additionally, a dispute as to title exists when there is a "cloud upon the title of a plaintiff." Robinson, 586 F.3d at 687 (quotation omitted).

Here, there is no question the first condition is met. The United States claims to own the property at Nellis Air Force Base pursuant to which it granted an easement to County and entered into the EUL with City. However, the second condition is not met. Although County makes some sweeping statements as to ownership over the Range Wash which may suggest a conflict with the United States' title to that property, the United States and the County have made clear in the related federally-filed action that no dispute as to title exists as between the two. (Mem. in Support of Suggestion of No Juris. (Doc. #34 in 2:11-CV-00944-PMP-PAL) at 4-6; United States' Responsive Mem. Regarding Juris. (Doc. #41 in 2:11-CV-00944-PMP-PAL) at 24-25; The County's Response to Def.'s Request for

Juris. Disc. & Evid. Hrg. (Doc. #55 in 2:11-CV-00944-PMP-PAL) at 2, 4; United States' Response to the City of N. Las Vegas' Request for Juris. Disc. & Evid Hrg. (Doc. #57 in 2:11-CV-00944-PMP-PAL) at 5-7.)  Further, the Court rejects City's argument that a dispute as between City and County suffices for the reasons set forth in the Court's related Order in the federally-filed action.

County's right to relief does not depend on the Quiet Title Act.  The Quiet Title Act arises in this action only as a federal defense in that the City contends the United States granted it an easement through the EUL which permits it to discharge into the Range Wash regardless of County's approval.  City's federal defense cannot support removal.  The Court lacks jurisdiction over County's Complaint under the Quiet Title Act.

**B.  Clean Water Act**

Although City argues County artfully pleads its Complaint to avoid stating a Clean Water Act claim, County's reference to the Clean Water Act in its background factual allegations does not create subject matter jurisdiction.  County does not seek remedies under the Clean Water Act, and the City does not contend the Clean Water Act preempts state law claims.  Even if the County could pursue a Clean Water Act claim, it has chosen not to do so, and instead seeks remedies under state law.  As master of its Complaint, County may elect between state and federal remedies.

County's right to relief does not depend on a finding that City violated the Clean Water Act.  As the Court explained in the Court's related Order in the federally-filed action, the County does not assert that City has violated the Clean Water Act.  The Clean Water Act raises issues in this case only through City's assertion that its National Pollution Discharge Elimination System permit and the County's approval of the areawide waste management plan obviate the need for City to obtain any further approval from County.  City's federal defense cannot support removal jurisdiction.

///

**C. Property Clause**

County's right to relief does not depend on the Property Clause. As explained in the Court's Order in the related federally-filed action, the Property Clause arises in this case only through City's assertion that the United States' authority to control activities on Nellis Air Force Base supercedes local regulation of City's WRF and related discharges on federal property. City's federal defense cannot support removal jurisdiction.

**D. Costs**

If the Court finds removal is improper, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007) (quotation omitted).

The Court will deny the request for costs and attorney's fees, as the Court concludes City had an objectively reasonable basis for removal. County's Complaint made broad assertions that it owned the Range Wash and sought a declaration that no other rights interfered with its rights in the Range Wash. (Notice of Removal, Ex. A at 3, 6.) Until the County and the United States clarified their respective positions in the related federally-filed action, it was objectively reasonable to read the Complaint as asserting property rights adverse to the United States supporting potential removal under the Quiet Title Act.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Clark County, Nevada's Emergency Motion to Remand to State Court, With Fees and Costs (Doc. #5) is hereby GRANTED in part and DENIED part. The motion is granted in that this action is hereby REMANDED to the District Court in and for the County of Clark, State of Nevada in Case No. A-11-643529-C. The motion is denied as to Plaintiff Clark County, Nevada's request

1 | for fees and costs.

3 | DATED: August 9, 2011

_____
PHILIP M. PRO
United States District Judge